PEOPLE ex rel. JOHN HALSTED v. BOARD OF CANVASSERS OF TOWN OF CORTLANDT.

(Supreme Court, Special Term, Westchester County. December 23, 1899.)

MANDAMUS—COMPELLING UNLAWFUL ACTS.

Mandamus will not lie to command a board of canvassers to declare relator elected to an office, where it involves a question of eligibility, of which the board has no jurisdiction.

Application by the people, on relation of John Halsted, against the board of canvassers of the town of Cortlandt, for mandamus to require defendants to declare relator elected to an office. Denied.

David W. Travis, for relator.

Franklin Couch, for respondent.

HIRSCHBERG, J. On the return of an order, granted by Mr. Justice Maddox, requiring the board of canvassers to show cause why a peremptory writ of mandamus should not issue commanding them to convene, and declare the relator elected to the office of justice of the peace, it appeared that one James E. Lynch received more votes for that office than did the relator. It is claimed, however, on behalf of the relator, that Mr. Lynch is ineligible by reason of the fact that he already held and occupied the office of justice of the peace for a term not to expire until one year after the term now in question should commence; in other words, that, holding an existing and unexpiring office, he could not be elected for a term commencing prior to the expiration of the term already held by him. Without deciding this question, it is clear that, even assuming the point to be good, there is no lawful remedy by mandamus. The board has no jurisdiction to determine the question of eligibility, and what the board may not lawfully do the court will not command them to do. If the relator's claim is sound, and the result elects him, he has an adequate remedy by quo warranto. At all events, this application must be denied for want of power.